**UNITED STATES of America,**
**Appellee,**

v.

**Daniel CORMIER, Defendant–**
**Appellant.**

**No. 03–1206.**

United States Court of Appeals,
Second Circuit.

Oct. 9, 2003.

Bradley S. Stetler, Stetler, Allen & Kampmann, Burlington, VT, for Defendant–Appellant.

Thomas D. Anderson, Assistant United States Attorney, for Peter W. Hall, United States Attorney for the District of Vermont (David V. Kirby, on the brief), for Appellee.

Present: CARDAMONE, MINER, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED.**

In March 2003, Defendant Daniel Cormier was convicted, in United States District Court for the District of Vermont (Sessions, *J.*), of conspiracy to import marijuana in violation of 21 U.S.C. § 963. The conviction followed a conditional plea agreement, under which Cormier pled guilty but preserved the right to appeal the district court's denial of his motion to suppress evidence based on an unreasonable vehicle stop. He was sentenced to 21 months in prison, but his sentence has been stayed pending appeal and he is presently free on bail.

On appeal, Cormier challenges the denial of his suppression motion on the ground that the United States Border Patrol stopped his mini-van on a rural road in Vermont without reasonable suspicion to do so, thereby violating his Fourth Amendment rights. The relevant facts concerning the stop are as follows. Beginning in December 2001, various United States Border Patrol agents had noticed footprints in the snow leading from the Canadian border to a particular location along Vermont Route 114. On March 28, 2002, Agent Perry, conducting surveillance in the area, was notified that two sensor devices had picked up foot traffic along the path. He proceeded to the location along Route 114 where the footprints ended, and discovered three individuals, clothed in white camouflage, lying on the side of the road. Three duffel bags were located twenty feet away from them. At that point, he was joined by other border patrol agents. The agents arrested the three men and found approximately 111 pounds of marijuana in the duffel bags. The three individuals were placed in a Border Patrol vehicle.

Shortly thereafter, a mini-van approached, the only vehicle to pass that point on the road for roughly 30 to 45 minutes. As it neared the Border Patrol vehicles, which had their lights activated, the van began to slow down. An agent used his flashlight to motion the vehicle to the side of the road. Agent Perry spoke with the driver, who identified himself as Daniel Cormier and stated that he had been skiing at Jay Peak, approximately an hour to an hour and a half away from the location where he was stopped. But this was hours after the ski day at Jay Peak had ended. He indicated that he might be lost. The agents then asked Cormier if they could search his vehicle. He consented, and they conducted the search while he stood next to the van, under surveillance by another agent. The search turned up nothing. At that point, Agent Perry questioned the three smugglers to find out if they knew Cormier, and one of the them replied that Cormier's van was "supposed to pick us up." Based on that response, the agents asked Cormier to follow them to the nearest Border Patrol station, and he complied.

According to Cormier, the foregoing set of events did not create a reasonable and articulable suspicion that *he* was involved in criminal activity. He asserts that nothing in his behavior, which consisted of driving along a public highway shortly after 10:00 p.m., should have aroused such suspicion. As a consequence, he argues, the Border Patrol's stop of his vehicle violated the Fourth Amendment.

We review a determination of reasonable suspicion by a district court *de novo*. *Ornelas v. United States*, 517 U.S. 690, 691, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *see also United States v. Lawes*, 292 F.3d 123, 127 (2d Cir.2002) (setting forth *de novo* standard of review). Reasonable suspicion "is not a high threshold."

*Lawes*, 292 F.3d at 127. As we have previously explained, "a law enforcement officer who can point to specific and articulable facts which, taken together with rational inferences from those facts, would warrant a[n officer] of reasonable caution in the belief that a brief investigative stop is appropriate, may make such a stop on less than probable cause to arrest." *United States v. Jaramillo*, 25 F.3d 1146, 1150 (2d Cir.1994) (internal quotation marks and citations omitted). Put another way, an officer must have a *"particularized* and *objective* basis for suspecting legal wronging"— something more than a "mere hunch." *United States v. Arvizu*, 534 U.S. 266, 273–74, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (emphasis added, internal quotation marks omitted).

In the instant case, Cormier was stopped, late at night, at a remote location near the Canadian border. He arrived at the arrest scene only minutes after the three men carrying duffel bags came to the road. They were lying on the ground with the bags twenty feet from them, indicating that they were waiting to be picked up. The border patrol knew, based on months of surveillance, that it was common practice for smugglers to wait at this spot on Route 114 for a vehicle to pick them up and drive them out of the area. Cormier's van, large enough to carry sizeable bags of marijuana and the three men, was the only car to pass by this location for the previous 35–45 minutes.

Taken together, the facts were sufficient to provide a particularized and objective basis for stopping Cormier's vehicle and briefly detaining him – that is, enough to create reasonable suspicion. *See Arvizu*, 534 U.S. at 270–71 (relying in part on the remoteness of the road and the timing of the vehicle's approach); *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981) (upholding stop of a

vehicle, which was otherwise behaving normally, based on the time it neared a location where footprints ended at the road); *United States v. Nargi*, 732 F.2d 1102, 1105 (2d Cir.1984) (upholding stop of vehicle, similarly behaving normally, because it was the "only ground vehicle in operation" near a small plane suspected of carrying drugs). Considering, as we must, "the totality of the circumstances," *Arvizu*, 534 U.S. at 273, we find that the stop was reasonable.

We have considered all of defendant's claims and find them meritless. We therefore AFFIRM the judgment of the district court.